IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERENCE GREENWOOD,**[1]

                    **Plaintiff,**

                                              CIVIL ACTION
     **vs.**                                              No. 04-3336-GTV

**BUREAU OF PRISONS, et al.,**

                    **Defendants.**

ORDER

    The court dismissed this action without prejudice on October 7, 2004, finding plaintiff had not satisfied the exhaustion of administrative remedies requirement imposed by 42 U.S.C. 1997e(a).  The court additionally noted that plaintiff cited a disciplinary action at the United States Penitentiary in Leavenworth, Kansas, but provided no information or documentation of any administrative appeal therefrom.

    Before the court is plaintiff's motion for reconsideration filed March 25, 2005 (Doc. 6), which the court considers as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment.  See Van Skiver v. U.S., 952 F.2d 1241 (10th Cir. 1991), cert. denied 506 U.S. 828 (1992).

    A motion for relief from judgment under Fed.R.Civ.P. 60(b) must present a matter that is material and of such importance that it would likely alter the outcome."  Id.  It is not a

---

[1] The court notes plaintiff's spelling of his first name as "Terence," and the Bureau of Prisons' spelling of plaintiff's first name as "Terrence."

vehicle to re-argue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as substitute for appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996).

A district court has discretion to grant relief as justice requires under Rule 60(b). Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000). However, such relief is considered "extraordinary" and should "only be granted in exceptional circumstances" that satisfy one or more of the six grounds set forth in the rule.[2]  Id.; Van Skiver, 952 F.2d at 1243-44.

In the present case, plaintiff resubmits documents associated with allegations in his complaint concerning his classification and his request for transfer to a facility offering programming appropriate to his offense.  Plaintiff also documents his November 2004 request for a copy of the July 2003 decision in his

---

[2]Rule 60(b) provides that:
On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2

May 2003 disciplinary action. Although plaintiff now demonstrates this disciplinary action resulted in a sanction that included the loss of good time credits, no exhaustion of administrative remedies is demonstrated.

The court has reviewed this resubmitted and post-judgment material in light of plaintiff's challenge to the court's determination that plaintiff had not fully or properly exhausted administrative remedies on the claims presented in the complaint, and finds no showing has been made to warrant relief from judgment under Rule 60(b).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for relief from judgment (Doc. 6) is denied.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 20th day of April 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge